E. VIRGIL NEAL, Respondent, *v.* SARAH ABEL, as Administratrix, etc., of HENRY C. ABEL, Deceased, Appellant.

*Contribution by one partner of office furniture — his rights, when a dissolution takes place by the moving party.*

A partnership agreement, entered into between E. Virgil Neal and Henry C. Abel for the conduct of a medical business, provided that each partner should contribute an equal amount of capital to the firm, and that for this purpose Abel should put in his office furniture and medical instruments which should be considered as his investment and that, as an offset thereto, Neal should contribute $500 in advertising and printing.

*Held,* that upon the dissolution of the partnership Abel was entitled to be credited with $500 as the value of the office furniture and medical instruments contributed by him, irrespective of the amount realized upon their sale.

APPEAL by the defendant, Sarah Abel, as administratrix, etc., of Henry C. Abel, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the

clerk of the county of New York on the 23d day of July, 1903, confirming the report of a referee.

*Henry D. Patton*, for the appellant.

*Lyman W. Redington* for the respondent.

McLAUGHLIN, J.:

On the 21st of November, 1902, the plaintiff and one Henry C. Abel formed a partnership for the purpose " of conducting a medical business and treating people." The agreement, which was in writing, provided that each party should contribute an equal amount of capital to the firm, and for this purpose Abel should put in his office furniture and medical instruments which should be considered as his investment, and as an offset thereto plaintiff was to contribute $500 in advertising and printing; that further investments should be made in equal amounts by each partner at such time as the same might be necessary for the prosecution of the firm's business; that Abel should devote his entire time and attention to the treatment of the firm's patients and that plaintiff should devote to the business such time and attention as his private affairs would permit; and that in the event of his being unable to devote any time to the firm, he was, at his own expense, to furnish a person to represent him. The firm did not succeed, nor did the partners agree for any length of time. On the twentieth of December following the plaintiff proposed a dissolution to which Abel assented, and apparently being unable to agree upon a division of the assets, this action was brought to procure an adjustment of the partnership affairs.

After issue had been joined it was stipulated between the attorneys for the respective parties that the matter be sent to a referee to take and state the accounts and to report the balance due to either, and in so doing he should consider the partnership as dissolved on the 18th of February, 1903. Upon this stipulation a referee was appointed, who, after hearings, made a report which was confirmed and judgment entered accordingly, from which the defendant appealed. Subsequent to the taking of the appeal the defendant died and thereupon the action was revived and continued against his administratrix.

The referee found, upon satisfactory evidence, that the plaintiff paid for advertising and printing the sum of $439.75, and he properly gave him credit for that amount. He also credited him with $140 which he paid to one Robertson, who was employed on plaintiff's behalf under the provision of the partnership agreement above referred to. After crediting the plaintiff with this item the referee found that each of the partners should be charged with one-half of it, and in doing so he erred. The plaintiff was not entitled to be credited with this item, nor was Abel liable for one-half of it. Plaintiff stipulated in the partnership contract that if he could not give any time to the partnership business he would "furnish a man for this purpose and the compensation received' by the man so furnished will be paid by E. Virgil Neal and will not be considered as an expense to the business, unless the person appointed by said E. Virgil Neal shall find it necessary to give his full time and attention to the business, and in addition to this, E. Virgil Neal also looks after the business; then a part of the compensation paid to the man may be charged to the business, but the amount of such compensation shall hereafter be agreed upon by the partners." There is nothing in the complaint from which it can even be inferred that the plaintiff claimed he was entitled to charge against his copartner any part of the $140 thus paid, nor does the evidence justify a finding to that effect; on the contrary, it conclusively establishes that it was an item paid by the plaintiff personally in fulfillment of the provision of the contract above referred to. He testified: " I had no expenses besides those which I have already mentioned. $439.75 includes everything as far as I know. Under the contract I was to pay Mr. Robertson personally for his services to the partnership and I did so and I make no claim for that."

As to Abel the referee found that he had contributed to the firm, in cash, ninety-eight dollars and had received twenty dollars, and, therefore, should be credited with the balance, seventy-eight dollars. He also found that Abel had contributed the office furniture and medical instruments, as provided in the partnership agreement, but as to these the proceeds derived from a sale should " designate and determine the amount of defendant's investment in said business." This finding was erroneous. Under the terms of the partnership agreement each partner was to make an equal contribution to the firm's

assets, and the office furniture and medical instruments of Abel were to be his investment to the extent of five hundred dollars. This was the value fixed upon them. The agreement can be read in no other way, and Abel was entitled to be credited with that amount, irrespective of the price realized upon a sale. It appeared, however, that some of the furniture or instruments were bought upon the installment plan, and there was, at the time of the trial, due upon the purchase price, fifty-five dollars and seventy-five cents. This sum should be deducted from Abel's credit, leaving his balance four hundred and forty-four dollars and twenty-five cents, plus the seventy-eight dollars above mentioned, making a total of five hundred and twenty-two dollars and twenty-five cents against which plaintiff is entitled to offset his investment of four hundred and thirty-nine dollars and seventy-five cents, leaving a balance due defendant of eighty-two dollars and fifty cents. If Abel or his representative has, or shall have, prior to the sale of the assets, paid this·amount of fifty-five dollars and seventy-five cents remaining due on the furniture or instruments, then such balance will be increased by that sum, making one hundred and thirty-eight dollars and twenty-five cents due defendant. If the same has not been paid by Abel or his representative, then the plaintiff shall have the right to make such payment, and his credit shall be increased by that sum. If neither party makes such payment, then the receiver appointed to make the sale shall first sell the other assets of the firm and if the proceeds derived therefrom are sufficient, after paying the costs and expenses of the sale, he shall complete the purchase and then sell such furniture and instruments.

The receiver making the sale shall pay out the proceeds in the following order : (1) His fees and the expenses of the sale ; (2) the costs of the action ; (3) to the defendant the balance of eighty-two dollars and fifty cents due her, and if she or her intestate has paid the installments above referred to, such amount shall be increased to one hundred and thirty-eight dollars and twenty-five cents ; if the same has been paid by the plaintiff, then said balance of eighty-two dollars and fifty cents shall be diminished by that amount to twenty-six dollars and seventy-five cents ; and (4) one-half of the remainder to the plaintiff and the other half to the defendant.

The interlocutory judgment appealed from, therefore, should be , modified as indicated in this opinion, and as thus modified affirmed, without costs to either party.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment modified as directed in opinion, and as modified affirmed, without costs.